IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO., <br><br>      Plaintiff,<br><br>    v.<br><br>GOODMAN MANUFACTURING COMPANY, L.P., and BEARDSLEY MECHANICAL, INC.<br><br>      Defendants. | CIVIL ACTION NO.:<br><br>2:22-cv-01268-NBF |

**GOODMAN'S ANSWER TO AMENDED COMPLAINT
WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS**

Defendant Daikin Comfort Technologies Manufacturing, L.P. (f/k/a/ Goodman Manufacturing Company, L.P.) (herein, "Goodman"), by and through undersigned counsel, hereby answers the Amended Complaint (ECF 26) of Plaintiff State Farm Fire & Casualty Co. ("Plaintiff") with affirmative defenses, and asserts crossclaims as follows:

**ANSWER TO AMENDED COMPLAINT**

**ALLEGED PARTIES**

1. The averments of this paragraph are not directed to Goodman, and therefore no response from Goodman is required. To the extent a response is deemed required, Goodman is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore they are denied.

1

2. The averments of this paragraph are not directed to Goodman, and therefore no response from Goodman is required. To the extent a response is deemed required, Goodman is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore they are denied.

3. The averments of this paragraph are not directed to Goodman, and therefore no response from Goodman is required. Moreover, paragraph 3 contains legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in this paragraph, Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

4. The averments of this paragraph are not directed to Goodman, and therefore no response from Goodman is required. Moreover, paragraph 4 contains legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in this paragraph, Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

5. What constitutes "at all relevant times" is a legal conclusion to which no response is required. As to the factual averments in this paragraph of the Amended Complaint, Goodman admits only that Daikin Comfort Technologies Manufacturing, L.P. (f/k/a/ Goodman Manufacturing Company, L.P.), referred to

herein as "Goodman," is a Texas limited partnership with its principal place of business at 5847 San Felipe, Ste. 2250, Houston, Texas 77057. Goodman denies the remainder of the factual averments in paragraph 5 as phrased.

6. The averments of this paragraph are not directed to Goodman, and therefore no response from Goodman is required. To the extent a response is deemed required, Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

## ALLEGED JURISDICTION AND VENUE

7-8. Paragraphs 7-8 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent paragraphs 7-8 contain factual averments to which a response is required, Goodman denies such averments.

## ALLEGED STATEMENT OF FACTS

9. Paragraph 9 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent paragraph 9 contains factual averments to which a response is required, Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

10. The averments of this paragraph are not directed to Goodman, and therefore no response from Goodman is required. To the extent a response is

deemed required, Goodman is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore they are denied.

11. Goodman is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore they are denied.

### COUNT I – ALLEGED NEGLIGENCE v. GOODMAN

12. Goodman incorporates its answers to paragraphs 1 – 11 above as if fully set forth herein.

13-15. Paragraphs 13-15 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in these paragraphs, Goodman denies such averments.

16. The averments of paragraph 16 are not directed to Goodman, and therefore no response from Goodman is required. Moreover, paragraph 16 contains legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in this paragraph, Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

**WHEREFORE**, Goodman respectfully requests that judgment be entered in its favor, and against Plaintiff, and that the Court award Goodman its costs and such other and further relief as this Court deems appropriate.

## COUNT II – ALLEGED STRICT LIABILITY v. GOODMAN

17. Goodman incorporates its answers to paragraphs 1 – 16 above as if fully set forth herein.

18. Paragraph 18 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in this paragraph, Goodman denies such averments.

19. Goodman is without knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore they are denied.

20-23. Paragraphs 20-23 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in these paragraphs, Goodman denies such averments.

24-25. Paragraphs 24 and 25 contain legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in these paragraphs, Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

26-29. Paragraphs 26-29 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is deemed

required to any factual averments in these paragraphs, Goodman denies such averments.

30. The averments of paragraph 30 are not directed to Goodman, and therefore no response from Goodman is required. Moreover, paragraph 30 contains legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in this paragraph, Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

**WHEREFORE**, Goodman requests that judgment be entered in its favor, and against Plaintiff, and that the Court award Goodman its costs and such other and further relief as this Court deems appropriate.

**COUNT III – ALLEGED BREACH OF WARRANTY v. GOODMAN**

31. Goodman incorporates its answers to paragraphs 1 – 30 above as if fully set forth herein.

32-36. Paragraphs 32-36 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in these paragraphs, Goodman denies such averments.

37. The averments of paragraph 37 are not directed to Goodman, and therefore no response from Goodman is required. Moreover, paragraph 37 contains

legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in this paragraph, Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

**WHEREFORE**, Goodman requests that judgment be entered in its favor, and against Plaintiff, and that the Court award Goodman its costs and such other and further relief as this Court deems appropriate.

### COUNT IV – ALLEGED NEGLIGENCE v. BEARDSLEY

38.  Goodman incorporates its answers to paragraphs 1 – 37 above as if fully set forth herein.

39.  The averments of this paragraph are not directed to Goodman, and therefore no response from Goodman is required. To the extent a response is deemed required to any factual averments in this paragraph, Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

40-42.  The averments of paragraphs 40-42 are not directed to Goodman, and therefore no response from Goodman is required. Moreover, paragraphs 40-42 contain legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in these paragraphs,

Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

### COUNT IV – ALLEGED BREACH OF IMPLIED WARRANTIES v. BEARDSLEY

43.  Goodman incorporates its answers to paragraphs 1 – 42 above as if fully set forth herein.

44-47.  The averments of paragraphs 44-47 are not directed to Goodman, and therefore no response from Goodman is required. Moreover, paragraphs 44-47 contain legal conclusions to which no response is required. To the extent a response is deemed required to any factual averments in these paragraphs, Goodman is without knowledge or information sufficient to form a belief as to those averments, and therefore they are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Goodman are barred in whole or in part by the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. § 7102 (the "Fair Share Act").

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Goodman are barred or limited because Plaintiff's alleged injuries or damages were not caused by any actions or inactions of Goodman.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Goodman are barred or limited because the acts and/or omissions of entities and/or individuals other than Goodman were the cause in fact of Plaintiff's alleged injuries or damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Goodman are barred or limited because the acts and/or omissions of entities and/or individuals other than Goodman were the proximate cause of Plaintiff's alleged injuries or damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Goodman are barred or limited because the acts or omissions of individuals and/or entities other than Goodman constitute the superseding and/or intervening cause of Plaintiff's alleged injuries or damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by spoliation of evidence.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by a failure of another party to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrine of assumption of the risk.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or limited by the lack of privity of contract.

*****

Goodman also asserts its rights to indemnification and/or contribution pursuant to the Uniform Contribution Among Tortfeasors Act, 42 Pa. C.S.A. § 8321 and other applicable law, as well as pursuant to any common law and/or contractual obligations.

Goodman reserves the right to modify, amend, or supplement its Answer and Affirmative Defenses to assert any and all additional defenses that are or may be applicable as they are ascertained through discovery or otherwise in this action, which remains ongoing.

## CROSSCLAIMS FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST DEFENDANT BEARDSLEY MECHANICAL, INC.

1. Defendant Daikin Comfort Technologies Manufacturing, L.P. (f/k/a/ Goodman Manufacturing Company, L.P.) ("Goodman") incorporates the allegations asserted by Plaintiff State Farm Fire & Casualty Co. ("Plaintiff") in the Amended Complaint (ECF 26) as if fully set forth herein at length, solely for the purposes of asserting claims for contribution and/or indemnification against Defendant Beardsley Mechanical, Inc. ("Beardsley"), without adopting or admitting those allegations.

2. Should Plaintiff prevail on any of its claims against Goodman – and any liability on the part of Goodman is expressly denied – any resulting damages were caused or substantially contributed to by the actions of Beardsley. Beardsley is jointly and/or severally liable to Plaintiff, or liable to Goodman for sums awarded to any party and against Goodman, if any, at the trial of this matter.

3. Should Plaintiff prevail on any of its claims against Goodman – and any liability on the part of Goodman is expressly denied – Beardsley is liable to Goodman by way of contribution and/or indemnification pursuant to 42 Pa. C.S.A. § 8321, *et seq.*, and any other applicable laws, as well as pursuant to any common law obligations.

**WHEREFORE**, in the event of a verdict, judgment, or award in favor of Plaintiff against Goodman, Beardsley is liable to Goodman for indemnification and/or contribution on the causes of action described in the Amended Complaint, with the existence of any liability on the part of Goodman being expressly denied.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

Dated: May 3, 2023

By: /s/ *Cary L. Rice*
    Jason A. Levine (ID No. 306446)
    Cary L. Rice (ID No. 325227)
    Jackson D. Teague (admitted *pro hac vice*)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200 (telephone)
jlevine@hangley.com
crice@hangley.com
jteague@hangley.com

*Attorneys for Defendant Daikin Comfort Technologies Manufacturing, L.P. (f/k/a/ Goodman Manufacturing Company, L.P.)*